UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH BOLTON HASSINGER, ET AL | CIVIL ACTION |
| VERSUS | No. 06-2931 |
| JP MORGAN CHASE AND COMPANY | SECTION "C" (4) |

## ORDER AND REASONS

Before the Court are two motions for summary judgment: 1) Plaintiff Nancy Barnridge's Motion for Summary Judgment (Rec. Doc. 107) and 2) Defendant's Motion for Summary Judgment (Rec. Doc. 106). This Court heard oral argument on the issues of contract interpretation and whether the Levitan settlement constituted post-merger consideration. The remaining issues presented by the parties were decided on the briefs. Based on the memoranda and arguments of the parties, the record in this case, and the applicable law, the Court grants in part and denies in part plaintiff's Motion for Summary Judgment and grants in part and denies in part as moot defendant's Motion for Summary Judgment for the following reasons.

### I.  BACKGROUND

This case arises out of whether debenture holders received the same post-merger consideration as actual shareholders when First Commerce Corporation merged with Banc One.[1] Plaintiffs, all debenture holders, argue that section 13.04(f) of the Trust Indenture Agreement, the "anti-dilution" provision, secures the right to receive the same monetary consideration for her

---

[1] Defendant JP Morgan Chase is the successor of Banc One.

debenture stock as an ordinary shareholder during a company's merger. In this case, debenture holders and shareholders received the same conversion price at the time of the merger of First Commerce Corporation and Banc One. However, the shareholders later sued ("the *Levitan* suit") claiming they should have received a higher price for their shares because of misleading and fraudulent accounting reporting by Banc One. JP Morgan Chase, as the successor company, settled the *Levitan* shareholder suit without admitting liability. Plaintiffs in this case claim that the *Levitan* suit constitutes additional monetary consideration to shareholders resulting from the merger and that since debenture holders have the same conversion rights as shareholders during mergers, plaintiffs are entitled to the additional consideration of *Levitan*.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the

district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

**B. Contract Interpretation**

In Louisiana, "contracts have the effect of law for the parties." La. Civ.Code art.1983. Under La. Civ.Code art. 2045: "Interpretation of a contract is the determination of the common intent of the parties." The interpretation of an unambiguous contract is an issue of law for the court to decide. *Amoco Production Co. v. Texas Meridian Resources Exploration Inc.,* 180 F.3d 664, 668 (5th Cir.1999). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La. Civ.Code art.2046. "In addition, a contract provision is not ambiguous where only one of two competing interpretations is reasonable or merely because one party can create a dispute in hindsight." *Texas Eastern Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th

Cir.1998).

## III. ANALYSIS

### A. Plaintiff's Motion for Summary Judgment (Rec. Doc. 107)

*1) does Section 13.04(f) provide plaintiff with a right of recovery?*

The parties dispute the meaning and interpretation of section 13.04(f) of the Trust Indenture, commonly referred to as the "anti-dilution" provision. Removing the various verbiage, section 13.04(f) reads,

> In case of ...merger of the Company...each Debenture shall, after ...merger...be convertible into or represent the right to receive the number of shares of stock...(including cash) to which the shares of Common Stock deliverable (at the time of such...merger) upon conversion thereof would have been entitled...,if the conversion of [debenture into stock] had taken place immediately prior thereto.

Plaintiff argues that the value shareholders received at the time of merger was specifically changed such that the later payment was not an "additional" payment, but rather the balance remaining due. The defense focuses on the "at the time of such ...merger" language to argue that debenture holders only get the value of stock that shareholders got <u>at the time of merger,</u> and not any subsequent value delivered. However, at oral argument, defense counsel conceded that if additional payments were made to shareholders after a merger with the specific intent of modifying the value of their stock at the time of the merger, debenture holders would be entitled to the same payment. Based on the plain language of the Agreement, the Court interprets this provision such that a debenture holder after a merger will receive the same price an ordinary

4

stockholder receives for conversion of her stock at the time of merger.

In addition, the following clause in the Agreement contains broader language allowing for the adjustment of these rights to be applicable to the subsequent delivery of stock or cash for conversion of Debentures.

> And in any case, ... the [subsection f] provisions...shall be appropriately adjusted so as to be applicable, as nearly as may reasonably be, to any shares of stock ...or property (including cash) thereafter deliverable upon conversion of such Debentures.

This clause indicates an intent to approximate the conversion rights of stockholders with Debenture holders, even in unanticipated circumstances. The contract is clear and unambiguous: debenture holders are entitled to any subsequent payment received by shareholders, so long as that payment specifically adjusts the price shareholders received for their stock at the time of merger. Accordingly, the Court grants plaintiff's motion for summary judgment as to its interpretation of the contract.

*2) does the Levitan settlement provide plaintiff with a right of recovery?*

Plaintiff's strategy is similar to offensive non-mutual collateral estoppel, where a plaintiff seeks to use a prior judgment against a defendant to preclude relitigation of an issue. Application of true collateral estoppel only precludes relitigation of an issue actually and necessarily decided as part of a valid final judgment final. *See e.g., Arizona v. California* 530 U.S. 392, 414, 120 S.Ct. 2304, 2319 (2000)(noting settlement agreements usually preclude litigation of claims, not issues, in subsequent lawsuits). The Fifth Circuit has elaborated four factors to assess when

applying collateral estoppel is appropriate.

> (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine.

*Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 391 (5thCir. 1998). Following these factors, only the first factor favors plaintiff. The underlying issue in this case, the real value of the First Commerce Corporation stock at the time of merger, is identical to the *Levitan* suit. And as a special circumstance, although plaintiff may claim they could not participate in the class action suit, they could have joined the suit by converting their debentures. The *Levitan* suit also did not produce any <u>substantive findings</u> on the merits, and therefore was not <u>fully</u> litigated, both militating against applying the *Levitan* suit against the defendant.

Even if plaintiff could invoke the *Levitan* settlement, nothing in the Stipulation of Settlement (Rec. Doc. 107-18) equates the payment of additional monies with additional value for the shareholder's stock at the time of merger. Indeed, the stipulation contains explicit denials of wrongdoing by defendant and does not address whether plaintiffs suffered any damages at all. (Rec. Doc. 107-18, Stipulation of Settlement, at 4, 23; see also Rec. Doc. 154-3, Order of Final Judgment and Dismissal.) Plaintiff cites *Level 3 Communications, Inc. v. Federal Insurance Co.*, 272 F.3d 908, 911-12 (7th Cir. 2001) for the proposition that the *Levitan* settlement should be considered additional consideration for the shareholders because the settlement did not occur until late in the pre-trial process. But plaintiff mis-characterizes the Seventh Circuit case. In *Level 3*, plaintiff insured, accused of fraud, sought reimbursement of settlement amount from the

6

insurer, Federal Insurance Co. Plaintiff Level 3 never claimed that it settled to avoid a nuisance suit. And the primary question in that case, was whether a settlement payout may be considered a loss under the specific terms and definitions of the insurance policy - not whether a settlement can be deemed an admission of liability.

Plaintiff also claims that the merger was the but-for cause of the settlement and at oral argument asked what else the settlement could be except for post-merger consideration. The Court notes that it is plaintiff's burden to prove that *Levitan* constituted post-merger consideration, not for defendant's to prove that the settlement was not. And in this case, plaintiffs have failed to sustain that burden.

*Continental v. American General Corp.* is instructive in this regard. 575 A.2d 1160 (1990)(cited by plaintiffs; settlement with securities holders held to be "post-merger" consideration). In *Continental*, the court examined the anti-dilution clause and concluded - similar to the case at bar - that if the settlement was related to the merger payments, then the plaintiff, under the terms of the contract, was also entitled to the settlement payments. The *Continental* court then examined the circumstances surrounding the settlement option, including statements by corporate representatives that specifically linked the settlement to the merger, and concluded that the post-merger settlement was in fact consideration for the securities held at the time of merger. *Id.* at 1165-1166. In this case, plaintiff's only evidence that the settlement specifically adjusted the price paid to shareholders at the time of the merger is the settlement agreement itself. And as this Court has noted, the settlement agreement specifically disclaims any liability on behalf of the defendant or damages on behalf of the plaintiffs. The difference

7

between *Continental* and this case is that plaintiff has not provided sufficient evidence to demonstrate a genuine issue of material fact that the *Levitan* settlement constitutes post-merger consideration. As such, the Court denies plaintiff's motion for summary judgment as to whether the *Levitan* settlement is a breach of the Trust Indenture Agreement.

      **B.**      **Defendant's Motion for Summary Judgment (Rec. Doc. 106.)**

Defendant's motion for summary judgment is, in part, a cross-motion for summary judgment on the same contract interpretation issue as plaintiff discussed above. While the Court agrees with plaintiffs that the contract does provide that debenture holders shall receive the same post–merger consideration that shareholders receive, the Court ultimately concludes that plaintiffs have failed to demonstrate a genuine issue of material fact as to whether the *Levitan* settlement constitutes post-merger consideration. For the analysis and reasons stated above, the Court grants defendant summary judgment as to plaintiffs' claim for breach of contract.

Defendant also seeks summary judgment on plaintiffs' claim for unjust enrichment. The five requirements for establishing a claim of unjust enrichment are that there must be: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment; (4) an absence of "justification" or "cause" for the enrichment and impoverishment; and, (5) no other remedy at law available to the plaintiff. *Finova Capital Corp. v. IT Corp.*, No. 33,994, 774 So.2d 1129, 1132 (La App. 2 Cir. 12/15/00). Because a contract provides a remedy at law, it has generally been held that where a plaintiff was a party to the contract, plaintiff's unjust enrichment claim is barred. *See e.g.*, *Sal Ciolino and Associates v.*

*First Extended Service Corp* 2006 WL 2375591, 4 (E.D.La.,2006).

Plaintiffs acknowledge that it may not pursue both claims simultaneously, since a contract remedy constitutes an adequate remedy at law. Their claim of unjust enrichment is an alternative cause of action if the Court found that plaintiffs did not have a contractual remedy. For the reasons stated *supra*, the Court has found that plaintiffs, under the plain terms of the contract, do have an adequate remedy at law (even though the requested relief is not available).[2] As such, plaintiffs claim for unjust enrichment is barred as a matter of law.

Defendant also seeks summary judgment against those plaintiffs who have not provided copies of their debenture certificates or adequate back-up documentation. In light of this Court's ruling granting summary judgment to defendant on whether *Levitan* constitutes post-merger consideration and the unjust enrichment claims, defendant's request for summary judgment for lack of documentation is denied as moot.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED THAT Plaintiff Nancy Barnridge's Motion for Summary Judgment (Rec. Doc. 107) is GRANTED IN PART AND DENIED IN PART;**

**IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is**

---

[2] In the alternative, the Court finds that plaintiffs would be unable to demonstrate a genuine issue of material fact as to the fourth element, namely the "unjustness of the enrichment" because of the *Levitan* settlement's disclaiming language and the absence of proof of liability.

9

**GRANTED IN PART AND DENIED AS MOOT IN PART (Rec. Doc. 106). As this Court has concluded defendant is entitled to summary judgment regarding plaintiffs' two causes of action (breach of contract and unjust enrichment), plaintiffs' claims are HEREBY DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 1st day of April, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE