# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIZABETH BOLTON HASSINGER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-2931** |
| **JP MORGAN CHASE AND COMPANY** | **SECTION "C" (4)** |

## ORDER AND REASONS

Before the Court is plaintiffs' Motion for Reconsideration of Judgment (Rec. Doc. 158.) Defendant opposes. (Rec. Doc. 160.). This matter was taken under advisement on the briefs without oral argument. Based on the memoranda of parties, the record in this case and the applicable law, the Court DENIES plaintiffs' Motion for Reconsideration for the following reasons.

## I. BACKGROUND

This case arises out of whether debenture holders received the same post-merger consideration as actual shareholders when First Commerce Corporation merged with Banc One.[1] Plaintiffs, all debenture holders, argued that section 13.04(f) of the Trust Indenture Agreement, the "anti-dilution" provision, secures the right to receive the same monetary consideration for her debenture stock as an ordinary shareholder during a company's merger. This Court agreed. However, the shareholders later sued ("the *Levitan* suit") claiming they should have received a higher price for their shares because of misleading and fraudulent accounting reporting by Banc

---

[1] Defendant JP Morgan Chase is the successor of Banc One.

One. JP Morgan Chase, as the successor company, settled the *Levitan* shareholder suit without admitting liability. Plaintiffs claimed that the *Levitan* suit constituted additional monetary consideration to shareholders resulting from the merger and that since debenture holders have the same conversion rights as shareholders during mergers, plaintiffs were entitled to the additional consideration of *Levitan*. This Court found that the *Levitan* settlement did not constitute post-merger consideration and accordingly granted defendant's motion for summary judgment as to plaintiffs' breach of contract claim. (Rec. Doc. 156.)

## II. LAW AND ANALYSIS

Plaintiffs' seek reconsideration of this Court's order and judgment under Rule 59(ee) of the Federal Rules of Civil Procedure. Alteration or amendment of a previous ruling under Rule 59(e) "calls into question the correctness of a judgment." *Tremplet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir.2004). This specific motion serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000). Plaintiffs argue that this Court's order "was based on (i) a manifest error of law - namely that payment of the *Levitan* settlement did not relate to the merger; and (ii) a manifest error of fact - namely that Plaintiffs had the ability to convert their debentures and join the Levitan class." Rec. Doc. 158-2 at 8. The Court disagrees.

First, plaintiffs claim this Court misconstrued *Continental v. American General Corp.*,

575 A.2d 1160 (1990) and failed to note that the *Continental* court allowed recovery by warrant holders under two separate options. Plaintiffs claim Continental stands for the proposition that settlement proceeds are always considered post-merger consideration, regardless of whether or not liability was established in that suit. (Rec. Doc. 158-2). A plain reading of *Continental* shows this is not the case.[2] While true that the *Continental* court only looked to the circumstances of the employee stock option to determine if it was post-merger consideration and did not do the same for the cash settlement option, such analysis was unnecessary given the court's finding that the two options were specifically linked. *Continental*, 575 A.2d at 1164. Since the two options were clearly linked, and indeed were presented as alternative forms of compensation, a finding that one of them constitutes post-merger consideration constitutes sufficient evidence that the other may also be considered post-merger consideration.

Second, plaintiffs claim that the Court erred by noting that debenture holders could have converted their debentures and joined the *Levitan* suit. As an initial matter, plaintiffs take issue with this Court's discussion of an analogous situation. The analysis therein was not the basis on which the Court granted defendant's motion for summary judgment, rather the Court specifically noted that the analogy presents a "similar" situation. (Rec. Doc. 155 at 5.) Indeed, the basis for the Court's decision is the lack of any evidence that the settlement constituted post-merger consideration. *See Continental*, 575 A.2d at 1165-1166 (discussing circumstantial evidence indicative of post-merger consideration.)

---

[2] This Court also notes that while this Court found *Continental* instructive, it is nevertheless a non-binding decision in this Court.

### III. CONCLUSION

Plaintiffs have failed to demonstrate an error of law or fact, much less a manifest one.

Accordingly,

**IT IS ORDERED that plaintiffs Motion for Reconsideration (Rec. Doc. 158) is DENIED.**

New Orleans, Louisiana, this 23rd day of July, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE