# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ELIZABETH BOLTON HASSINGER, ET AL | CIVIL ACTION |
|---|---|
| VERSUS | No. 06-2931 |
| JP MORGAN CHASE AND COMPANY | SECTION "C" (4) |

## ORDER AND REASONS

Before the Court is plaintiffs' Motion for Review of Taxation of Costs (Rec. Doc. 174.) Defendant opposes. (Rec. Doc. 175.) This matter was taken under advisement without oral argument. Based on the memoranda by parties, the record in this case, and the applicable law, the Court denies plaintiffs' motion for the following reasons.

## I. BACKGROUND

This Court granted defendant summary judgment as to plaintiffs' breach of contract claim and judgment was entered for defendant. (Rec. Doc. 156, 157.) Defendant filed a bill of costs before the Clerk of Court pursuant to the Federal Rules of Civil Procedure. (Rec. Doc. 162.) Defendant sought $2039.30 for court reporter fees, $9061.22 for printing and copying costs, and $40.00 for witness costs. Plaintiffs filed objections to defendant's application for bill of costs. (Rec. Doc. 171.) The Clerk of Court taxed costs in the amount of $11,140.52. (Rec. Doc. 173.) Plaintiffs subsequently moved for this Court to review the taxation of costs under Local Rule 54.5. (Rec. Doc. 174.)

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that, absent specific circumstances indicating otherwise, "costs-other than attorneys' fees-should be awarded to the prevailing party." Fed.R.Civ.P. 54(d)(1). Title 28, United States Code, Section 1920 states that recoverable costs include, among other potential expenses, "fees of the court reporter used for all or any part of the stenographic transcript necessarily obtained for use in the case;" "fees and disbursements for printing and witnesses;" and "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. The Court conducts a *de novo* review of the Clerk's award of costs. *See Krouse v. Amer. Sterilizer Co.*, 928 F.Supp. 543, 544 (W.D.Penn.1996).

First, plaintiffs argue that defendant's application for costs was premature since the plaintiffs' motion for reconsideration was still pending before this Court. This argument is now moot since this Court has denied plaintiffs' motion for reconsideration. (*See* Rec. Doc. 178.)

Second, plaintiffs argue that defendant's copying costs are excessive. Plaintiffs argue that defendant only produced approximately $2,400 worth of copies to plaintiffs during discovery. (Rec. Doc. 174-2 at 5.) Defendant argues that because it was working with either original trust documents or original legal files from another firm, it was required to make an initial full set of copies to review the files for discovery review purposes. While a prevailing party is not required to identify every copy made for use in the course of proceedings, some proof is required that copying expenses necessarily resulted from litigation. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 (5th Cir.1994). Furthermore, the fact that a prevailing party does not submit an itemized invoice regarding the

photocopying costs incurred does not preclude an award of such costs where counsel declares under penalty of perjury that such costs are correct and necessarily incurred. *See, United Teacher Associates Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558 (5th Cir.2005)(The fact that the defendant did not precisely itemize its photocopying costs does not undermine the district court's award since defense counsel made the appropriate declaration under penalty of perjury that the costs were "correct" and "necessarily incurred in this action"); *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 484 (5th Cir.2002)(District court did not abuse its discretion by allocating photocopying expenses incurred by defendants to plaintiff following its grant of motions to dismiss and for summary judgment, even though defendants did not itemize costs, where counsel for defendants did provide detailed documentation and made the requisite declaration under penalty of perjury). The Court finds this explanation reasonable, particularly given counsel's sworn declaration and the supporting documentation, and therefore that the copies were necessarily obtained for use in the case.

Plaintiffs also argue that defendant is not entitled to copying costs related to the motion for summary judgment because it was filed electronically. Plaintiffs also fail to provide directly applicable legal authority. The Court is unpersuaded. The motion for summary judgment was the dispositive motion in this case. Although the motions were served electronically, it is reasonable for counsel to maintain a hard copy for use in future litigation in the matter. The Court finds that the copies related to the motion for summary judgment were necessarily obtained for use in the case.

Third, plaintiffs argue that the costs for the deposition transcript of Lucy Allen were unnecessary. The Fifth Circuit Court of Appeals has consistently held that a deposition need not be

introduced into evidence or used at trial in order for it to be "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991). If, at the time the deposition is taken, a deposition could "reasonably be expected to be used for trial preparation," rather than merely for discovery, it may be included in the costs of the prevailing party. *Id*. Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs. *Id*. Whether a deposition or copy was "necessarily obtained for use in the case" is a factual determination to be made by the Court, which is accorded great latitude on appeal. *Id*. Such factual determination is made "in light of the facts known to counsel at the time [the deposition] was taken." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 258 (5 th Cir.1997). Plaintiffs noticed the deposition of defendant's expert Lucy Allen. During oral argument on the motion for summary judgment, the testimony of Lucy Allen was specifically cited by defendant. The Court concludes that the deposition of Lucy Allen was necessarily obtained for use in this case and could reasonably be expected to be used for trial preparation.

Last, plaintiffs argue that defendant did not produce the actual invoices. Defendant's supporting documentation shows what it actually paid, which is sufficient for this Court to conclude the costs taxed are adequately documented.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED that plaintiffs' Motion for Review of Taxation of Costs (Rec. Doc. 174) is DENIED.**

New Orleans, Louisiana, this 27th day of July, 2009.

                                        HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT JUDGE