U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    SEP 2 3 2010

LORETTA G. WHYTE
CLERK

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

Lyle W. Cayce
Clerk

No. 09-30708

D.C. Docket No. 2:06-CV-2931

ELIZABETH BOLTON HASSINGER; MARY BOLTON JENNINGS, Individually and as trustee of the James K. Jennings, III Trust and as trustee of the Elizabeth Bolton Jennings Trust; ROBERT H BOLTON, JR.; CATHERINE HASSINGER DRENNAN; MARY HASSINGER SCHMIDT; ET AL,

        Plaintiffs - Appellants

v.

JP MORGAN CHASE & COMPANY,

        Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before JONES, Chief Judge, and HIGGINBOTHAM and ELROD, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

ISSUED AS MANDATE:  21 SEP 2010

A True Copy
Attest  21 SEP 2010

Clerk, U.S. Court of Appeals, Fifth Circuit

By: *Misty Fontenot*
Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

Lyle W. Cayce
Clerk

No. 09-30708

ELIZABETH BOLTON HASSINGER; MARY BOLTON JENNINGS, Individually and as trustee of the James K. Jennings, III Trust and as trustee of the Elizabeth Bolton Jennings Trust; ROBERT H BOLTON, JR.; CATHERINE HASSINGER DRENNAN; MARY HASSINGER SCHMIDT; ET AL,

             Plaintiffs - Appellants,

v.

JP MORGAN CHASE & COMPANY,

             Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-2931

Before JONES, Chief Judge, and HIGGINBOTHAM and ELROD, Circuit Judges.

PER CURIAM:[*]

  This case involves a complicated fact pattern with a simple legal issue: Do proceeds from a settlement agreement represent post-merger consideration? JPMorgan Chase & Company (JPMorgan) paid shareholders cash to settle their

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

securities class action in relation to a merger. Appellants assert that this money should be treated as additional money paid for the merger and that because they are former debenture holders, JPMorgan must pay them an equal amount of cash. Because we agree with the district court that Appellants have failed to demonstrate a genuine issue of material fact as to whether the settlement constitutes post-merger consideration, we AFFIRM.

Prior to the merger of JPMorgan's predecessor, Banc One, and First Commerce Corporation (First Commerce), Appellants owned convertible debentures in First Commerce. Under the Trust Indenture Agreement, which governed such debentures, debenture holders could, before December 1, 2000, convert the principal amount of their debentures into First Commerce common stock at an established conversion ratio. The Trust Indenture Agreement also included an anti-dilution provision, which secured the debenture holders' right to receive, in the event of a merger, the same monetary consideration for debenture stock as an ordinary shareholder. Thus, when First Commerce merged with Banc One in 1998, the conversion ratio for the debentures was modified so that debenture holders would, upon conversion, receive the same merger consideration as the common stockholders.

Subsequently, however, former First Commerce shareholders sued Bank One (Banc One's successor[1]) and its corporate officers for securities violations under §§ 11, 12(a)(2), and 15 of the Securities Act (the "*Levitan* action"). 15 U.S.C. §§ 77k, 77*l*(a)(2) and 77o. The shareholders claimed that Banc One and its officers overstated the value of Banc One's credit card division, which inflated its overall value. Consequently, First Commerce shareholders overpaid

---

[1] The case before this court concerns the merger between Banc One and First Commerce. Banc One later merged with First Chicago to become Bank One, and in 2004, Bank One merged with JPMorgan. By the time of the JPMorgan merger, the Appellants' debentures had been converted.

for Banc One shares. The *Levitan* action eventually became a class action with a class defined as former First Commerce shareholders who retained their shares until August 24, 1999—the time at which the information underlying the lawsuit became public. Some Appellants attempted to join the *Levitan* action, but the case manager denied their requests.

On October 31, 2005, JPMorgan, as successor to Banc One, settled the *Levitan* shareholder suit without admitting liability. In exchange for dropping all legal action with respect to the merger, JPMorgan paid the *Levitan* class $33.9 million, which equates to approximately $0.89 per share of potentially eligible stock. Following the settlement, Appellants sued JPMorgan for breach of contract under § 13.04(f) of the Trust Indenture Agreement, asserting that the settlement proceeds were "post-merger" consideration. In ruling on the parties' motions for summary judgment, the district court rejected Appellants' theory and concluded that the settlement proceeds were not post-merger consideration.

We review a district court's grant of summary judgment *de novo*, applying the same legal standards used by the district court. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)(2)). On cross motions for summary judgment, the court reviews each motion independently, viewing the evidence and inferences in the light most favorable to the non-moving party. *Tidewater Inc. v. United States*, 565 F.3d 299, 302 (5th Cir. 2009). "If there is no genuine issue and one of the parties is entitled to prevail as a matter of law, [this] court may render summary judgment." *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 539 (5th Cir. 2004) (citations omitted).

No. 09-30708

The *Levitan* settlement agreement is a contract, *Estate of Kokernot*, 112 F.3d 1290, 1294 (5th Cir. 1997), and therefore, this court interprets it pursuant to general contract law principles, *Treaty Pines Invs. P'ship v. Comm'r*, 967 F.2d 206, 211 (5th Cir. 1997). Under Louisiana law, "[c]ontracts have the effect of law for the parties," La. Civ. Code Ann. art. 1983, and the "[i]nterpretation of a contract is the determination of the common intent of the parties, La. Civ. Code Ann. art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art. 2046. Moreover, "[a] contract should not be interpreted in an unreasonable or strained manner . . . to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or [to] achieve an absurd conclusion." *P.D. & An.D. v. S.W.L.*, 993 So.2d 240, 245 (La. Ct. App. 2008).

Here, we agree with the district court that "debenture holders are entitled [under § 13.04(f) of the Trust Indenture Agreement] to any subsequent payment received by shareholders, so long as that payment specifically adjusts the price shareholders received for their stock at the time of merger." Appellants, however, have failed to bring forth any evidence that would entitle them to additional monies under § 13.04(f). Indeed, as the district court observed, Appellants' "only evidence that the settlement specifically adjusted the price paid to shareholders at the time of the merger is the settlement agreement itself," and "the settlement agreement specifically disclaims any liability on behalf of [JPMorgan] or damages on behalf of the [Appellants]." In addition, Appellants have failed to point to any language in the settlement agreement that "equates the payment of additional monies with additional value for the shareholder's stock at the time of merger."

Accordingly, we agree with the district court that Appellants "have failed to demonstrate a genuine issue of material fact as to whether the *Levitan*

settlement constitutes post-merger consideration." We AFFIRM the judgment of the district court essentially for the reasons stated in its careful and thorough orders, dated April 1, 2009 and July 23, 2009.